UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHESTERFIELD SPINE CENTER, LLC, )<br>d/b/a ST. LOUIS SPINE AND )<br>ORTHOPEDIC SURGERY CENTER, )<br>)<br>Plaintiffs, )<br>)<br>V. )<br>)<br>CIGNA HEALTH AND LIFE )<br>INSURANCE COMPANY and )<br>CONNECTICUT GENERAL LIFE )<br>INSURANCE COMPANY, )<br>)<br>)<br>Defendants. ) | Case No. 4:14CV2047NCC |

## MEMORANDUM AND ORDER

Before the court is the Motion to Dismiss Counts I-III of Plaintiff's Third Amended Complaint and Motion to Strike Jury Demand filed by Defendants. (Doc. 35). Plaintiff filed a Memorandum in Opposition (Doc. 43), and Defendants filed a Reply to Plaintiff's Response (Doc. 46). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c). (Doc. 13).

# I.
# LEGAL STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). See also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). All reasonable references from the complaint must be

drawn in favor of the nonmoving party. Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 1999). Thus, the factual background to the pending Motion To Dismiss must be drawn from the factual allegations in Plaintiff Chesterfield Spine Center, LLC, d/b/a St. Louis Spine and Orthopedic Surgery Center's Third Amended Complaint, unless other matters are also incorporated by reference, integral to its claims, subject to judicial notice, matters of public record, orders, or in the record of the case. Miller v. Redwood Toxicology Lab., Inc., 688 F.3d 928, 931 n.3 (8th Cir. 2012) (citing 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2007)).

## II.
## FACTUAL BACKGROUND

Plaintiff Chesterfield Spine Center, LLC, d/b/a St. Louis Spine and Orthopedic Surgery Center initially filed its Petition For Damages in Missouri state court to recover payment for a procedure performed on a patient. (Pl.'s Petition for Damages, Doc. 1-1 at 2). Plaintiff attached several exhibits to its original Petition For Damages, which included a copy of the patient's medical plan and a Financial Agreement between the patient and Plaintiff. (Doc. 1-1 at 15; Doc. 1-3 at 1-75). The patient, who is identified as BH, was a participant in a healthcare plan governed by the Employee Retirement and Income Security Act (ERISA), 29

U.S.C. § 1001 et seq.[1] Defendants provided health insurance coverage to BH, who is not a party to this lawsuit. Prior to the procedure, Plaintiff sought and obtained preauthorization from Defendants Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company ("Defendants") to perform anterior lumbar interbody fusions. As is the custom and practice in the health care industry, Plaintiff did not provide medical care to BH until after Defendants confirmed insurance coverage, authorized the medical care, and verified that Plaintiff would be paid for BH's medical care in the amount of $204,128. Plaintiff performed the procedure on December 10, 2012. Plaintiff thereafter submitted a bill to Defendants for $204,128. Defendants made a payment of $52,463.69 to Plaintiff and retained Viant Payment Systems, Inc., (VPS) to negotiate a discount payment regarding the remaining balance of Plaintiff's bill. VPS communicated that Defendant would pay $82,796.57. Plaintiff refused to accept this payment as satisfaction of Defendants' promise to pay the "fair and reasonable charge for the Medical care." (Doc. 30, ¶¶ 8-25). As of the filing of the Third Amended Complaint, the outstanding amount is $110,838.79.

---

[1] Plaintiff alleges, in the Third Amended Complaint, that the Plan is a separate document from the EISAI PLAN, which is sponsored and administered by EISAI Corporation of North America and which is BH's employee benefit plan that included Defendants as health insurers of BH. (Doc. 30, ¶ 45). The EISAI PLAN is not attached as an exhibit to the pleadings and is not before the court.

Defendants removed the matter to federal court prior to Plaintiff's filing the Third Amended Complaint. In its removal pleadings, Defendants contended both that ERISA preempted Plaintiff's claims, which triggered an automatic removal and that the requirements for diversity jurisdiction permitted removal. Plaintiff did not oppose removal. Subsequently, Plaintiff filed a Third Amended Complaint with no exhibits attached. The Third Amended Complaint does refer to the Plan that was attached as an exhibit to the original state Petition For Damages, along with a Provider Explanation of Medical Benefits Report. (Doc. 30, ¶¶ 45, 51). In addition, the Third Amended Complaint alleges that Plaintiff has derivative standing to bring Count IV (ERISA) pursuant to a financial agreement called the "Assignment" between Plaintiff and BH regarding BH's medical insurance claim for Plaintiff's performance of the December 10, 2012 procedure. (Doc. 30, ¶ 50). Counts I through III of the Third Amended Complaint are brought pursuant to Missouri law and allege negligent misrepresentation, equitable estoppel, and promissory estoppel, respectively. Count IV is brought pursuant to ERISA, although Plaintiff argues that Count IV is pled in the alternative.

Defendants have now moved to dismiss Counts I, II and III on the same grounds as they raised in the removal, arguing that Count IV (ERISA) preempts Plaintiff's state law claims, which are Counts I through III. In opposition to the pending Motion, Plaintiff argues that Counts I through III are not preempted by

ERISA because the state law claims asserted in those Counts I through III are independent of the ERISA claim in Count IV, and because Plaintiff is not a Plan participant or beneficiary under 29 U.S.C. § 1132. As set forth below, the court agrees with Defendants that Counts I through III are preempted by ERISA. The court will give Plaintiff an opportunity to amend it Third Amended Complaint and plead any additional claims under ERISA.

## III.
## DISCUSSION

### A. Federal Rule of Civil Procedure 12(b)(6) and 12(d)

As a threshold matter, the parties dispute whether Defendants can refer back to exhibits filed with Plaintiff's original Petition For Damages in support of their Motion To Dismiss the Third Amended Complaint. Defendants have attached as Exhibit A the Assignment between Plaintiff and BH to their Memorandum Of Law In Support Of Defendants Motion to Dismiss Counts I-III Of Plaintiff's Third Amended Complaint and Strike Jury Demand. (Doc. 36). They also ask the court to consider the Plan, in ruling on the instant Motion To Dismiss. Plaintiff counters that the Third Amended Complaint is "complete on its face and doesn't incorporate the prior state law Petition or complaints," and any "exhibits … cannot be used," by Defendants in support of their Motion to Dismiss. (Pl.'s Memo in Opposition, Doc. 41 at 4). Plaintiff moves to strike any reference by Defendants to "matters raised in the state court Petition or the prior complaints," even though Count IV

(ERISA) of the Third Amended Complaint refers back to the Plan that "can be found at ECF No. 1-3, Pages 1-75, the State Petition for Damages." (Doc. 30, ¶ 45).

"If on a motion under Rule 12(b)(6) …, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [Federal] Rule of [Civil Procedure] 56." Fed. Rule Civ. P. 12(d); Gorog v. Best Buy Co., Inc., 760 F.3d 787 (8th Cir. 2014) (citations omitted). A district court does not convert a motion to dismiss into a motion for summary judgment when, for example, it does not rely upon matters outside the pleadings in granting the motion. BJC Health Sys. v. Columbia Cas. Co., 348 F.3d 685, 688 (8th Cir. 2003).

In assessing "plausibility," as required by Iqbal and Twombly, the Eighth Circuit Court of Appeals has explained that courts "consider[] only materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quotation omitted), and " 'materials that are part of the public record or do not contradict the complaint.'" Miller, 688 F.3d at 931 n.3. "Though matters outside the pleadings may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleadings." Gorog, 760 F.3d 787 at 791 (8th Cir. 2014) (recognizing that contract

documents attached to defendant's motion to dismiss were necessarily embraced by the pleadings and appropriately considered) (citations omitted). "[T]he contracts upon which [a] claim rests … are evidently embraced by the pleadings." Mattes v. ABC Plastics, Inc., 323 F.3d 695, 697 n.4 (8th Cir. 2003). "In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss." Stahl v. U.S. Dep't of Agric., 327 F.3d 697, 700 (8th Cir. 2003). See also, Ruttenberg v. U.S. Life Ins. Co. in the City of New York, 413 F.3d 652 (7th Cir. 2005) (applying normal principals of contract interpretation to an ERISA-related insurance policy). With these standards in mind, the court finds that the Plan and Assignment are "necessarily embraced" by the Third Amended Complaint. Gorog, 760 F.3d at 791. The parties have relied on these exhibits and that they can be considered for ruling Defendants' Motion To Dismiss.

**B. ERISA preemption**

Next, the parties dispute whether Plaintiff is a proper assignee of BH to bring the claims of negligent misrepresentation and both promissory and equitable estoppel under ERISA. Defendants contend that Plaintiff is a proper party. If so, Defendants contend that Plaintiff's state claims must be dismissed because they are preempted by ERISA. Plaintiff, however, seeks to escape this characterization as to Counts I through III, while embracing this status as to Count IV. Section 502(a)(1)(B) of ERISA provides that "a civil action may be brought by the

participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132.  ERISA defines a beneficiary as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." 29 U.S.C. § 1002.

In addition, Defendants invoke both complete and express preemption as separate grounds in support of their argument in the pending Motion to Dismiss. The doctrines are distinct.  Plaintiff argues that neither type of preemption applies. The parties also dispute what ERISA-preemption test applies, if any.  This court will address the complete preemption argument first and will follow the Supreme Court's ERISA jurisprudence and the law of this Circuit.

### 1. ERISA's civil enforcement provision

The Supreme Court explained in <u>Aetna Health Inc. v. Davila</u>, 542 U.S. 200, 208 (2004), that the purpose of ERISA is to provide a "uniform regulatory regime over employee benefit plans" and to "protect . . . the interests of participants in employee benefit plans and their beneficiaries."  ERISA contains "expansive preemption provisions," that are intended to ensure that employee benefit plan[2] regulation is "exclusively a federal concern."  <u>Id.</u>

---

[2] ERISA, 29 U.S.C. § 1002(1) defines an "employee welfare benefit plan" as: "any plan, fund, or program which . . . is [] established or maintained by an employer . . . to the extent that such plan . . . was established or is maintained for the purpose of

9

In Davila, the Supreme Court established a two-part test with respect to how courts should resolve the pull of a plaintiff's state law theories away from ERISA's preemptive force. The test is straightforward. "If an individual, at some point in time, could have brought his claim under ERISA [], and "where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)" Davila, 542 U.S. at 210.

To the extent Plaintiff argues that Counts I through III are not preempted by ERISA because Plaintiff did not and could not step into the shoes of BH, the Third Amended Complaint claims that "Plaintiff has derivative standing to bring this Count IV by virtue of Plaintiff's status as a third party creditor beneficiary because [BH] intended to confer the benefit of the performance of [BH's] contract with Defendants upon Plaintiff, thereby creating an obligation or duty on Defendants to discharge the obligation and duty [BH] owed to Plaintiff." (Doc. 30, ¶ 50). Plaintiff held itself out to receive direct payments from BH's insurers and did

---

providing for its participants or their beneficiaries, through the purchase of insurance" certain benefits including those for medical, surgical, or hospital care in the event of sickness. "To qualify as a 'plan, fund, or program' under ERISA, a reasonable person must be able to 'ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits.'" Nw. Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994) (quoting Donovan v. Dillingham, 688 F.2d 1367, 1373 (11th Cir. 1982); Harris v. Arkansas Book Co., 794 F.2d 358, 360 (8th Cir. 1986)). Additionally, an employee welfare plan must be established or maintained by an employer. 29 U.S.C. § 1002(3).

receive partial payment for BH's procedure. (Doc. 30, ¶ 21). Accepting these allegations as true, this court finds that Plaintiff's has the right to stand in the shoes of BH as a designee or beneficiary under the Plan. Erickson, 551 U.S. at 94. See also Lutheran Med. Ctr. Of Omaha, Neb. v. Contractors, Laborers, Teamsters and Eng'rs Health and Welfare Plan, 25 F.3d 616, 619 (8th Cir. 1994) (holding as a matter of first impression in this Circuit that health-care providers, who are assignees of a plan participant, have standing to sue under ERISA) *abrogated on other grounds by* Martin v. Ark. Blue Cross and Blue Shield, 299 F.3d 966 (8th Cir. 2002). Thus, the court concludes that Plaintiff's allegations can be construed as an admission that the law of this Circuit supports the finding that Plaintiff is an ERISA beneficiary. Lutheran Medical Center, 25 F.3d at 619. The Eighth Circuit has reasoned that without such a finding, Plaintiff's right to sue would revert back to BH and cause needless delay and costs to the litigants and the matter would have to be presented again in the future. Id. at 619-620.

To the extent Plaintiff additionally argues that it could not have brought Counts I through III pursuant to ERISA, Plaintiff's argument is belied by the alleged same relevant operative facts applicable to Counts I through IV, and by the fact that, as discussed above, the damages Plaintiff claims are those recoverable under ERISA. Moreover, the Court explained in Davila, 542 U.S. at 208-209, that "[t]he policy choices reflected in the inclusion of certain remedies and the

exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law that Congress rejected in ERISA." (quoting Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 54 (1987)). As emphasized by the Eighth Circuit, "[u]nder ERISA § 502, any suit by a plan participant to enforce benefits wrongfully denied that participant would be completely preempted." Prudential Ins. Co. of Am. v. Nat'l Park Med. Ctr., 413 F.3d 897, 914 (8th Cir. 2005) (internal citations and quotation marks omitted).

Finally, to the extent Plaintiff argues that, because Defendant Connecticut General Life Insurance Company (Connecticut General) is not the plan administrator, ERISA preemption does not apply, Plaintiff is mistaken. Connecticut General's being the claim administrator and insurer of the Plan, as appointed by the Plan sponsor, does not change the outcome. The relevant issue under the first part of Davila is whether there is a nexus between Plaintiff, the Plan, and the issues raised in the Third Amended Complaint. The nexus is self-evident. Plaintiff alleges in Count IV of the Third Amended Complaint, and Defendants admit, that the employee benefit plan at issue is an ERISA plan as defined by 29 U.S.C. § 1002(1) and that BH was a beneficiary under the ERISA plan. (Doc. 30 at 9; Doc. 37 at 9-10). Thus, Plaintiff's argument that there can be no preemption

when it did not allege, in Counts I through III, that payment is due under an ERISA plan is misplaced.

Plaintiff's claims in Counts I through III are, in fact, based on Defendants' failure to pay benefits under an ERISA plan.  In Davila, 542 U.S. at 211, the Supreme Court emphasized that to determine whether a cause of action falls "within the scope" of ERISA preemption, a court must examine the complaint, the statute upon which the claims are based, and the relevant plan documents.  Where "*the only action complained of*" is the failure of an ERISA plan administrator to pay benefits under the ERISA plan, a cause of actions falls within the scope of ERISA and is preempted.  See id. (emphasis added).  See also Ibson v. United Healthcare Servs., Inc., 776 F.3d 941, 945 (8th Cir. 2014) (where plaintiff argued that "state-law claims concern[ed] [insurer's] improper cancellation," court held that plaintiff's argument "ignore[d] the essence of her claim - that [the insurer] should have paid medical benefits under the ERISA-regulated plan and failed to do so - a claim that could be brought under ERISA"); Johnson v. U.S. Bancorp, 387 F.3d 939, 942 (8th Cir. 2004).  In other words, the essence of Plaintiff's claims is premised on a failure to pay benefits, and BH might have brought the same claim had he been billed directly.  Further, in order for the court to determine whether Plaintiff is entitled to recover pursuant to the state law theories of Counts I through III, the court would have to interpret the Plan.

The court finds that the allegations of Counts I through III, as set forth above, demonstrate that the "essence" of Plaintiff's state law claims is that Defendants "should have [] paid medical benefits under an ERISA-regulated plan and failed to do so," see Ibson, 776 F.3d at 945, and that the allegations of Counts I through III duplicate the allegations of Plaintiff's ERISA claim in Count IV, see Davila, 541 U.S. at 209. As such, the claims of Counts I through III could have been brought under ERISA. Id. (noting that where the essence of the claims was that benefits were not paid under an ERISA plan, the claims could have been brought under ERISA; therefore the claims were completely preempted by ERISA).

### 2. Independent legal duty

Under the second part of the Davila test, the court must determine whether Defendants' actions implicate a legal duty independent from any arising under ERISA. Davila, 542 U.S. at 210. Defendants argue that Plaintiff's claims arise from the agreement to pay for services under the Plan and that no independent legal duty is implicated. Plaintiff argues that the legal duty was that Defendants be truthful in their dealings with Plaintiff; and it cites to several pre-Davila cases including Shea v. Esensten, 208 F.3d 712 (8th Cir. 2000), for the proposition that ERISA does not necessitate preemption of a negligent misrepresentation claim. (Doc. 43 at 6). Shea is distinguishable from this case. In that case, the court

determined that the ERISA plan was peripheral to the ethical question of whether financial incentives for physicians violated a state ethical duty. Shea, 208 F.3d at 718. Moreover, the Shea plaintiff's state law claim that the defendant violated an ethical duty could not have been brought under ERISA. See Davila, 542 U.S. at 209-211. By contrast, Defendants' agreement to pay Plaintiff for BH's procedure is at the heart of this case. The state-law theories alleged in Counts I through III are each based on facts encompassing the Plan, the Assignment, and the oral representations made to Plaintiff regarding payment.

The Court is not persuaded that the actions complained of in this case give rise to an independent legal duty. See Regency Hosp. Co of Northwest Ark., LLC v. Arkansas Blue Cross Blue Shield, 2009 WL 5174246, at *6 (Dec. 21, 2009) (noting that the Eighth Circuit has rejected the remedy of equitable estoppel to vary or contradict the language of an ERISA plan) (citing Slice v. Sons of Norway, 34 F.3d 640 (8th Cir. 1994)); Grandcolas v. Healthy Alliance Life Ins. Co., 2009 WL 3698433, at *3 (E.D. Mo. Nov. 3, 2009) (holding that state claims including negligent misrepresentation were preempted by ERISA and granting defendants' motion to dismiss); Morris v. UNUM Provident Life Ins. Co., 2008 WL 4378431, at *1 (E.D. Mo. Sept. 23, 2008) (holding the same). It follows that Plaintiff's state law claims are likewise preempted because: (1) Plaintiff could have only brought its cause of action pursuant to ERISA, and (2) there is no other independent legal

duty that is implicated by Defendants' actions. Davila, 542 U.S. at 210. Most significantly, the state law claims of Counts I through III do not raise a legal duty independent of ERISA; rather, the legal duties asserted in Counts I through III are derived entirely from the "particular rights and obligations established by the benefit plan" at issue. Id. at 213. See also Prudential, 413 F.3d at 914 ("[A] state-law cause of action need not duplicate an ERISA provision to be preempted. Rather, a state-law cause of action is preempted if it arises from a duty created by ERISA or the terms of the relevant health benefit plan.") (internal citations omitted).

To the extent Plaintiff also argues that Defendants cannot assert the defense of express preemption, the law of the Eighth Circuit states that a plaintiff's state law claims "relate to" an employee benefit plan, as provided in § 1144, if they have a "connection with" or "reference to such a plan." Estes v. Fed. Express Corp., 417 F.3d 870, 871 (8th Cir. 2005). See generally, Prudential, 413 F.3d at 907-15 (defining the two types of ERISA preemption). An essential element of ERISA's comprehensive regulatory scheme for the regulation of employee benefit plans is ERISA's supersedure clause, 29 U.S.C. § 1144(a), which provides:

> Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall **supersede any and all State laws** insofar as they may now or hereafter **relate to any employee benefit plan** described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

16

(emphasis added).

Consequently, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted" pursuant to ERISA. Davila, 542 U.S. at 209 (citations omitted). ERISA's regulatory mechanism "converts an ordinary state common law complaint into one stating a federal claim" where the state claims conflict with ERISA's supersedure clause. Id. (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 66 (1987)).

Finally, to the extent Plaintiff argues that Defendants cannot rely on the original Petition for Damages to support their argument that Counts I through III should be dismissed, the court finds that Defendants appear to rely on the allegations of the Third Amended Complaint and the court's conclusions regarding ERISA preemption are based on the allegations of the Third Amended Complaint.[3] See Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 556.

---

[3] Even if Plaintiff had not amended the Complaint to include Count IV, alleging a violation of ERISA, complete preemption would apply in this matter. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63, 66-67 (1987) (finding state court action which alleged only state claims was pre-empted by ERISA and was removable to federal court; "[T]is suit, though it purports to raise only state law claims, is necessarily federal in character by virtue of the clearly manifested intent of Congress. It, therefore, "arise[s] under the . . . laws . . . of the United States," 28 U.S.C. § 1331, and is removable to federal court by the defendants, 28 U.S.C. § 1441(b)."). See also Tovey v. Prudenial Ins. Co. of America, 42 F. Supp. 2d 919 (W.D. Mo. 1999) (removal was proper where state complaint did not explicitly

The court finds, therefore, that the claims made in Counts I through III of Plaintiff's Third Amended Complaint are preempted by ERISA, see 29 U.S.C. § 1144; Davila, 542 U.S. 200; Prudential, 413 F.3d at 914; Estes, 417 F.3d at 871, and that Counts I through III of Plaintiff's Third Amended Complaint should be dismissed, see Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556.

### 3. Dismissal

Plaintiff has asked for the opportunity to amend its Third Amended Complaint if the court grants Defendants' Motion To Dismiss. Therefore, consistent with this Memorandum and Order, the court will grant this request and permit Plaintiff to file a fourth amended complaint.

## IV.
## MOTION TO STRIKE JURY DEMAND

Defendant asks the court to strike the jury demand in Plaintiff's Third Amended Complaint. Rule 39(2) of the Federal Rules of Civil Procedure provides that when a jury trial is demanded, "[t]he trial must be on all issues so demanded unless . . . the court, on motion or on its own, finds that on some or all of the issues there is no federal right to a jury trial." "A motion to strike a jury demand is properly made under" Fed. R. Civ. P. 39. Hellman v. Catalado, 2013 WL 4482889, at *2 (8th Cir. Aug. 20, 2013) (unreported).

---

present a federal question and claims fell within the scope of ERISA; complete preemption applied).

It is well settled that a plaintiff seeking benefits under ERISA is not entitled to a jury trial. See e.g., Ibson, 776 F.3d at 947 (district court properly struck plaintiff's jury demand on the basis that claims were preempted by ERISA); In re Vorpahl, 695 F.2d 318 (8th Cir. 1982) (holding that no jury trial is required under ERISA and striking plaintiff's jury demand); Langlie v. Onan Corp., 192 F.3d 1137, 1141 (8th Cir. 1999) ("there is no right to a jury trial under ERISA"). As the court has found that Counts I through III of Plaintiff's Third Amended Complaint should be dismissed, the only remaining claim is Plaintiff's ERISA claim in Count IV, for which Plaintiff is not entitled to a jury trial. The court finds, therefore, that Plaintiff is not entitled to a jury trial and that its demand for a jury trial should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts I-III of Plaintiff's Third Amended Complaint and Motion to Strike Jury Demand is **GRANTED,** in its entirety (Doc. 35);

**IT IS FURTHER ORDERED** that Plaintiff's jury demand is **DENIED** (Doc. 30); and

**IT IS FINALLY ORDERED** that Plaintiff shall have 15 days from the date of this Memorandum and Order to file a fourth amended complaint.

Dated this 30th day of July 2015.

                                            /s/ Noelle C. Collins
                                            UNITED STATES MAGISTRATE JUDGE